IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
MAGISTRATE JUDGE KRISTEN L. MIX

Civil Action No. 07-cv-02115-KLM-MJW

LAURIE A. KRAUSS,

    Plaintiff,

v.

CHRISTINA BEACH,

    Defendant.

---

## ORDER

---

This matter is before the Court on **Defendant's Motion for a Rule 56 Determination of a Question of Law Finding the Appropriate Measure of Damages for Medical Care is the Amount Paid, and Not the Amount Billed, or *in the Alternative* Motion *in Limine* to Admit the Amount of Medical Bills Paid and the Amount Billed** [Docket No. 19; Filed July 30, 2008] (the "Motion"). Plaintiff filed a response in opposition to both alternatives proposed by Defendant [Docket No. 20; Filed August 14, 2008], and Defendant filed a reply [Docket No. 21]. The Motion has now been fully briefed. The Court has reviewed the Motion, the case file, and applicable case law and is sufficiently advised in the premises. The parties have consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c). Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **DENIED**. To the extent that Defendant requests that the Court grant summary judgment in her favor on the issue of the proper method to calculate damages for medical expenses, the Motion is **denied**. To the extent

that Defendant requests, in the alternative, a ruling which permits evidence of medical expenses paid to be admitted at trial, the Motion is **denied**. The Court explains its ruling below.

## I. Background

This case involves an automobile accident that occurred in Colorado between a car driven by Defendant and a car in which Plaintiff was riding as a passenger. *Complaint* [#1] at 2. Plaintiff, a resident of New York, sustained injuries from the accident. *Id.* at 1-2. The issue presented in Defendant's Motion involves the proper measure of damages for medical expenses accrued as a result of Plaintiff's alleged injuries, specifically whether the damages are determined by: (1) the actual amount of medical expenses billed to Plaintiff OR (2) the actual amount of medical expenses paid on behalf of Plaintiff by another source. *Motion* [#19] at 2. Defendant takes the position that the proper measure of damages for medical expenses is the actual amount of medical expenses paid, in this case by Medicaid, in satisfaction of Plaintiff's medical expenses. *Id.* at 3-9. In the alternative, Defendant seeks a ruling that the jury may consider evidence of both figures, i.e., the amount billed and the amount paid, to determine the appropriate award of damages. *Id.* at 10-12.

Plaintiff opposes either alternative. In the first instance, she claims that NONE of her medical expenses were paid by Medicaid. In any event, she contends that the appropriate measure of damages is the amount of medical expenses that she was billed. *Response* [#20] at 2-3. Second, because she claims that Medicaid did not reimburse any of her medical expenses, she argues that a determination by this Court as to what constitutes the appropriate measure of damages is irrelevant. *Id.* Even if such a

2

determination were relevant, she argues that evidence of what was paid, rather than what was billed, would "unfairly prejudice [Plaintiff] by impermissibly giving the jury the impression that she has already been compensated for the losses she has suffered as a result of Defendant's conduct." *Id.* at 3.

In her reply, Defendant attaches five medical receipts produced by Plaintiff in discovery that show amounts credited toward payment of Plaintiff's medical bills and are stamped "paid by Medicaid" [Docket Nos. 21-2 through -6]. Defendant contends that the five attached receipts are a sample of fifty-three receipts produced by Plaintiff which indicate that her medical bills were paid for by Medicaid.

Given the medical receipts attached, the Court finds that, contrary to Plaintiff's unsupported contention, it is likely that Medicaid paid for at least some portion of Plaintiff's medical expenses. However, whether the fifty-three receipts produced by Plaintiff represent the total amount of medical expenses billed to Plaintiff is not clear. It is also unclear whether Plaintiff paid for any medical expenses out of pocket and, if so, what portion of her total medical expenses she paid herself. Further, the sample Medicaid receipts attached by Defendant do not indicate that there was any difference between the amount billed and the amount actually paid. Rather, the billed amount appears to be the same amount paid by Medicaid.

## II. Analysis

As a preliminary matter, I find that Colorado state law applies to the substantive issues presented by the Motion filed in this diversity action. *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 416 (1996). Further, to the extent that Plaintiff attempts to suggest that because she is a resident of New York she could not receive Medicaid

3

payments, the Court finds that the evidence before the Court tends to show that she did receive Medicaid payments, presumably from the state of New York. Because the New York Medicaid system is substantially similar to the Colorado Medicaid system, the Court finds that its application of Colorado substantive law is not affected by the fact that the Medicaid payments were apparently made by New York, rather than Colorado. *Cf.* N.Y. Soc. Serv. Law §§ 363 et seq., *with* Colo. Rev. Stat. §§ 25.5-4-101 et seq.; *see Reply* [#21] at 3.

Defendant seeks summary judgment in her favor as to the proper measure of damages for medical expenses in this case. Summary judgment is proper when the record before the court "show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A dispute is "genuine" if the outcome could be decided in favor of either party. *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it could reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In her Motion, rather than attempt to assert the absence of evidence to support a particular claim, Defendant seeks an evidentiary ruling which would set a cap on damages for medical expenses that Plaintiff could expect to obtain at trial. To the extent that Defendant requests a determination via summary judgment regarding the maximum amount of Plaintiff's damages on the basis of the collateral source rule, the Motion is **denied**. Application of the collateral source rule is contingent upon the jury first awarding a verdict in favor of Plaintiff. "Colorado's collateral source rule specifically provides for the reduction of certain amounts by the Court *after* a jury verdict is awarded." *Walters v. Encompass Ins. Co.*, No. 06-cv-01688-LTB-KLM, 2007 WL 3090766, at *3 (D. Colo. Oct.

18, 2007) (unpublished decision) (citing Colo. Rev. Stat. § 13-21-111.6); *see also EEOC v. R.R. Donnelly & Sons Co.*, No. 01 C 4218, 2002 WL 1750946, at *4 (N.D. Ill. July 29, 2002) (noting that "the determination of damages is, at least in the first instance, for the jury. [Defendant] has cited no authority permitting the Court, without hearing all the evidence . . . to set the outer limits of damages before trial."). The defendant in *Walters* sought to have the District Court make a similar determination prior to a jury verdict, and the District Court rejected the request. *Walters*, 2007 WL 3090766, at *3.

Regardless of whether, and to what extent, the collateral source rule applies to medical expenses paid by Medicaid, Defendants' request for an evidentiary ruling is more appropriately addressed via a motion in limine. However, to the extent that Defendant requests that the Court order that evidence regarding amounts paid for medical expenses is admissible at trial, the Motion is **denied**.

The Court finds that evidence that some or all of Plaintiff's medical expenses were paid for by Medicaid is not relevant to the jury's determination of her reasonable medical expenses. *See Gomez v. Black*, 511 P.2d 531, 533 (Colo. Ct. App. 1973) (holding it was error to admit any "evidence of plaintiffs' medical expenses, since such expenses were paid [by Medicaid]"). While Defendant argues that the more reasonable value of Plaintiff's medical expenses is shown by the amount paid rather than the amount billed, the Court finds that the amount actually billed by a medical provider is the most suitable evidence of the value of the services rendered. Defendant may well argue both that the amount billed was not caused by her negligence, or that the amount billed was unreasonable, but the fact that Medicaid may have negotiated a reduction in the amount billed is not relevant to either issue. *See Hulbert v. Columbia-Health One, LLC*, No. 05CV5975 (Denver Dist. Ct. Apr. 25,

5

2008) (unpublished decision) (order granting Plaintiff's motion for summary judgment after converting it to motion in limine).

Therefore, evidence that Medicaid paid for some or all of Plaintiff's expenses is not relevant pre-verdict and is inadmissible at trial. *Gomez*, 511 P.2d at 533. Accordingly, the Court finds that the appropriate measure of damages for medical expenses in this instance is the amount of medical expenses billed to Plaintiff.

*Walters* mandates no different result. *See Walters*, 2007 WL 3090766, at \*\*2-3. In that case, the parties agreed that plaintiff was billed more in medical expenses than the amounts his insurer actually paid, <u>and</u> that plaintiff was not responsible for the difference. Because plaintiff was suing his own insurance carrier for breach of contract, the purpose of the lawsuit was to establish "the value of [p]laintiff's underinsured motorists benefits claim." *Id.* at \*1. The Court applied existing law to hold that "the amount [plaintiff] was *actually charged* by his health care providers, and how much [p]laintiff and [the insurance company] *actually paid* in satisfaction of the medical bills is relevant evidence of the necessary and reasonable value of the medical services rendered in this case." *Id.* at \*2 (emphasis in original). The *Walters* Court further recognized that Colorado's collateral source rule might apply "after the jury has returned a verdict," as I recognize here. *See id.* at \*3.

*Walters* does not apply to this case because Plaintiff here seeks damages for medical expenses against the alleged tortfeasor, not damages for "the value of her underinsured motorists benefits claims" against her own insurance company. The issue here is not the <u>value</u> of an insurance claim, but rather the amount of medical expenses incurred by Plaintiff that are properly recoverable from the alleged tortfeasor. In addressing

6

that issue at trial, evidence of the amount of medical bills paid by Medicaid is simply not relevant.[1]

Dated: September 23, 2008

                                  BY THE COURT:

                                  s/ Kristen L. Mix
                                  KRISTEN L. MIX
                                  United States Magistrate Judge

---

[1] The relevance and admissibility of such evidence <u>post</u>-verdict is governed, in part, by Colo. Rev. Stat. § 13-21-111.6, and will be the subject of post-verdict briefing, if appropriate.